UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN NATARELLI,

                              Plaintiff,                    6:09-CV-0689
                                                           (GTS/GJD)
v.

NEW YORK STATE OFFICE OF VOCATIONAL
AND EDUCATIONAL SERVICES FOR
INDIVIDUALS WITH DISABILITIES,

                              Defendant,
_____

APPEARANCES:                               OF COUNSEL:

JOHN NATARELLI
  Plaintiff, *Pro Se*
257 Flint Avenue
Little Falls, NY 13365

HON. ANDREW M. CUOMO                        DEAN J. HIGGINS, ESQ.
Attorney General for the State of New York  Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

## <u>MEMORANDUM DECISION and ORDER</u>

Currently before the Court in this employment discrimination action, filed *pro se* by John

Natarelli ("Plaintiff"), is a motion to dismiss for lack of subject-matter jurisdiction pursuant to

Fed. R. Civ. P. 12(b)(1), filed by the New York State Office of Vocational and Educational

Services for Individuals with Disabilities ("Defendant").  (Dkt. No. 15.)  For the reasons set forth

below, Defendant's motion is granted.

I.      RELEVANT BACKGROUND

A.      **Plaintiff's Claims**

Construed with the utmost of special solicitude, Plaintiff's Complaint alleges that an employee of New York State Office of Vocational and Educational Services for Individuals with Disabilities ("VESID") discriminated against him based on his age and disability in wrongfully precluding him from obtaining "educational services in the MVCC 2+2 Oneonta program." (*See generally* Dkt. No. 1, ¶ 6.)

More specifically, Plaintiff alleges that, on a date uncertain, in working with him to develop or reach an individualized plan for employment, Joe Zamlowski, a VESID counselor, stated to him, *inter alia*, as follows: (1) "it was 'atypical for [Plaintiff] to desire to become a teacher at [his] age"; (2) "just because [he] desire[s] to become a teacher, people don't always get what they want"; (3) "[it was] 'atypical' for two brothers, coming from the same household, to want to be teachers at this age"; and (4) he (Joe Zamlowski) had "no[]support" from Victoria Laucello in obtaining for Plaintiff  "educational services in the MVCC 2+2 program." (*Id.*) Plaintiff alleges that these comments evidence the intent of Mr. Zamlowski and Ms. Laucello to discriminate against Plaintiff by precluding him from obtaining educational services. (*Id.*)

Based on these factual allegations, Plaintiff asserts a violation of his rights under (1) the Americans with Disabilities Act ("ADA "), (2) the Age Discrimination in Employment Act ("ADEA "), and (3) 42 U.S.C. § 1983 (and the Due Process Clause of the Fourteenth Amendment). (*Id.* at ¶¶ 1, 6.)[1]  As relief for these asserted violations, Plaintiff seeks equitable relief, compensatory damages, punitive damages, and declaratory relief. (*Id.* at ¶ 7.)

_____

[1]      Familiarity with the other factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties.

B.      **Defendant's Motion**

Generally, in support of its motion to dismiss, Defendant argues that the Court lacks subject-matter jurisdiction over Plaintiff's claims against VESID because VESID, as an agency of the State of New York, is protected from liability by the Eleventh Amendment under the circumstances (in which New York has not waived its sovereign immunity by consenting to suit, nor has Congress authorized such suit in the exercise of its power to enforce the Fourteenth Amendment). (*See generally* Dkt. No. 15, Attach. 1, at 4-6 [Def.'s Memo. of Law].)

Plaintiff's response was originally due on October 13, 2009. (Dkt. No. 15.) On September 30, 2009, the Court *sua sponte* extended that deadline to October 19, 2009. (Text Order filed Sept. 30, 2009.) On November 2, 2009, Plaintiff requested a second extension of that deadline. (Dkt. No. 20.) On November 3, 2009, the Court granted that request, extending the deadline until November 13, 2009, and advising Plaintiff that the extension was "FINAL." (Text Order filed Nov. 3, 2009.) On November 12, 2009, Plaintiff's brother, a non-party to this action (and a non-attorney), requested a third extension of the deadline, on behalf of Plaintiff. (Dkt. No. 21.) On November 16, 2009, the Court denied that request as procedurally improper and as without cause. (Text Order filed Nov. 16, 2009.) Despite having been granted two extensions of time in which to do so, Plaintiff failed to timely respond to Defendant's motion to dismiss. Rather, on December 9, 2009, he submitted that response–twenty-six (26) days after the expiration of the deadline, which again had been extended three times. (Dkt. No. 22.)

In his response, Plaintiff does not show good cause for a *nunc pro tunc* third extension of the deadline as required by Fed. R. Civ. P. 16(b)(4).[2]  While special solicitude may serve to

---

[2]      *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); N.D.N.Y. L.R. 7.1(b)(3) ("The Court shall not consider any papers required under this Rule that are not timely filed or are otherwise not in compliance with this Rule unless good cause is shown.").

loosen procedural rules,[3] it never completely relieves a *pro* se litigant of the duty to comply with procedural rules.[4]  This is especially true where, as here, (1) the plaintiff knew of the procedural rule he violated (e.g., through the repeated Text Orders requiring a timely response from him), and (2) disregarding that rule would prejudice both the Court and Defendant.  The Court notes that, when Plaintiff submitted his response, the Court had already researched and drafted a Decision and Order on Defendant's motion, and was merely finalizing it.

For these reasons, the Court declines to consider Plaintiff's untimely response, under the circumstances.

## II.   RELEVANT LEGAL STANDARD

Generally, "[t]he Eleventh Amendment . . . bars federal jurisdiction over a suit brought against a state."  *Nicolae v. NYS Office of Vocational and Educ. Servs. for Individuals with Disabilities*, 04-CV-3512, 2005 WL 1311730, at *1 (E.D.N.Y. May 26, 2005) (citing *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 [1999]),

---

[3]      *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 191 (2d Cir. 2008) ("This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings."); *see also Traguth*, 710 F.2d at 95 ("Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.  [The right of self-representation] should not be impaired by harsh application of technical rules.").

[4]      *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted], *accord*, *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[Pro se status] does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .") [internal quotation marks and citation omitted]; *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

*aff'd*, No. 06-5693, 2007 WL 4462429 (2d. Cir. Dec. 18, 2007).  "This bar extends not only to a

state, but also to entities considered arms of the state."  *Nicolae*, 2005 WL 1311730, at *1 (citing

*McGinty v. New York*, 251 F.3d 84, 95 [2d Cir. 2001]).  There are only two exceptions to

Eleventh Amendment immunity: "(1) a State may waive its sovereign immunity by consenting to

suit; and (2) Congress may authorize such a suit in the exercise of its power to enforce the

Fourteenth Amendment-an Amendment enacted after the Eleventh Amendment and specifically

designed to alter the federal-state balance."  *Id*. (citing *College Sav. Bank*, 527 U.S. at 670).  "In

regard to the first exception, New York has not waived its immunity."  *Id*. (citation omitted).  "In

regard to the second exception, although Congress had authorized suits against states under both

the ADA and ADEA, the Supreme Court held that this authorization was not a valid exercise of

its power."  *Id*. (citations omitted).

## III.    ANALYSIS

### A.    Analysis of Plaintiff's Claims

As stated above in Part I.B. of this Decision and Order, Defendant seeks the dismissal of

Plaintiff's claims because Defendant is protected from liability by the Eleventh Amendment,

under the circumstances.  After carefully considering this argument, the Court agrees for the

reasons stated by Defendant in its motion papers.  (*See* Dkt. No. 15.)

As an initial matter, the Court notes that, as explained above in Part I.B. of this Decision

and Order, Plaintiff failed to respond to Defendant's motion to dismiss despite having been

granted an extension of time in which to do so.  As a result, Defendant's burden with regard to

its motion is lightened such that it need only show that its motion has "facial merit" in order to

succeed.  *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30,

2009) (Suddaby, J.) (collecting cases).[5]  Based on Defendant's motion papers, the Court finds

that Defendant has met this lightened burden.  In any event, the Court finds that Defendant's

argument would survive even the heightened scrutiny appropriate on a contested motion.

Moreover, even if the Court were to consider his response, the Court would not be

persuaded by it.  In his response, Plaintiff argues that the Eleventh Amendment does not bar his

claim arising under Title II of the ADA because (1) the Second Circuit found, in *Garcia v. SUNY

Health Servs. Ctr. of Brooklyn*, 280 F.3d 98 (2d Cir. 2001), that the Eleventh Amendment does

not bar a plaintiff's ADA Title II claim against a New York State entity to the extent that the

plaintiff shows that the Title II violation was motivated by either discriminatory animus or ill

will due to disability and (2) here, Plaintiff has alleged that the Title II violation was motivated

by either discriminatory animus or ill will due to disability.  (Dkt. No. 22.)  The Court rejects this

argument, under the circumstances.

As an initial matter, it is questionable whether the legal authority cited by Plaintiff

applies to this action.  In *Garcia*, the Court found that, because Title II of the ADA was enacted

pursuant to Congress's authority under Section 5 of the Fourteenth Amendment, the Eleventh

Amendment does not entirely bar a plaintiff's ADA Title II claim against the *State University of

New York* (i.e., to the extent that the Title II violation was motivated by either discriminatory

animus or ill will due to disability).  *Garcia*, 280 F.3d at 108, 111-12, 114.  From the Court's

review of the relevant case law, it does not appear that the Second Circuit has ever extended this

Eleventh Amendment analysis to a plaintiff's ADA Title II claim against *VESID*.  Indeed, four

years after issuing its decision in *Garcia*, the Court affirmed a district court decision that, *inter*

---

[5]     *Cf. Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750, 2009 WL 2870880, at *10
n.108 (S.D.N.Y. Sept. 8, 2009) (citing cases for proposition that plaintiff's failure to respond to
argument made in summary judgment motion as to why certain claim should be dismissed
constitutes abandonment of claim).

*alia*, dismissed a plaintiff's ADA Title II claim against VESID for lack of subject-matter

jurisdiction based on the Eleventh Amendment.  *Nicolae v. NYS Office of Vocational and Educ.*

*Servs. for Individuals with Disabilities*, 04-CV-3512, Memorandum and Order, at *3-4

(E.D.N.Y. filed June 1, 2005) (Block, J.) (dismissing the plaintiff's age-discrimination claim,

pursuant to Title II of the ADA, against VESID for lack of subject-matter jurisdiction because

VESID's sovereign immunity under the Eleventh Amendment had not been abrogated for

purposes of ADA),[6] *aff'd*, No. 06-5693, 257 F. App'x 455, 456-57 (2d. Cir. Dec. 18, 2007)

(summary order).[7]  In so doing, the Second Circuit expressly stated, "VESID's sovereign

immunity under the Eleventh Amendment has not been abrogated for purposes of [the plaintiff's

age-discrimination claim under] the ADA . . . ."[8]

One possible reason for this apparent evolution in Second Circuit case law could be a

perception of an intervening change of controlling law.  Specifically, in 2004, the Supreme Court

arguably replaced *Garcia*'s "discriminatory animus or ill will" with a test requiring that, for an

ADA Title II claim to overcome the Eleventh Amendment immunity, the Title II claim must

implicate a fundamental right under the Fourteenth Amendment (which does not include the

right against age discrimination).  *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004) ("Title II, as

---

[6]        In his Memorandum & Order, Judge Block relied on *Wasser v. NYS Office of
Vocational and Educ. Servs. for Individuals with Disabilities*, 01-CV-6788, 2003 WL 22284576,
at *9 (E.D.N.Y. Sept. 30, 2003) ("VESID . . . is . . . immune from suit under the Eleventh
Amendment.").

[7]        The Court cites this summary order to show the subsequent history of the district
court's decision in accordance with Second Circuit Local Rule 32.1(c)(2).

[8]        The Court cites this summary order for two reasons: (1) for "persuasive value" in
accordance with Second Circuit Local Rule 32.1(c)(1) and Advisory Committee Notes to Fed. R.
App. P. 32.1[a]; and (2) to "acknowledge[ ] the continued precedential effect" of *Bd. of Tr. of
Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001), in accordance with Second Circuit Local Rule
§ 0.23 as applied by the Second Circuit in *Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003).

it applies to the class of cases implicating the fundamental right of access to the courts, constitutes a valid exercise of Congress' § 5 authority to enforce the guarantees of the Fourteenth Amendment.").[9]

In any event, even if the Court were to assume that *Garcia* does apply to Title II age-discrimination claims against VESID, and even if the Court were to construe Plaintiff's Complaint with the utmost of special leniency, the Court would find that Plaintiff's Complaint, when construed with its attached hearing transcript (pursuant to Fed. R. Civ. P. 10[c]), does not allege facts plausibly suggesting that there was a Title II violation that was motivated by either discriminatory animus or ill will due to disability. (*See* Dkt. No. 1.) Title II of the ADA states as follows: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Here, Plaintiff has failed to allege facts plausibly suggesting that any employee of VESID took any steps to exclude him from participation in the program, or deny him the benefits of its services. (*Id.*) Rather, Plaintiff alleges that he participated in the program, and received the benefits of its services for a period of time. (*Id.*) Moreover, even if he has alleged facts plausibly suggesting such an exclusion or denial, he has not alleged facts plausibly suggesting that he was discriminated against *because of* his disability. (*Id.*) He alleges no facts plausibly suggesting that VESID employees made comments to him based on his stress, depression, or

---

[9]     The Court notes that, in 2006, the Supreme Court further refined the test set forth in *Lane*. Specifically, in *United States v. Georgia*, 546 U.S. 151 (2006), the Supreme Court stated, "Insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159 (2006) [emphasis in original].

anxiety. (*Id.*) Rather, his allegations pertain to comments regarding his age. (*Id.*) More specifically, he alleges that an employee of VESID told him, essentially, that it was "atypical" for a person of his age to desire to become a teacher, and that, just because Plaintiff wanted to be a teacher did not mean that he would end up becoming one. (*Id.*) Such a tempered observation is not discrimination *because of* age. Moreover, the Court notes that advanced age, in and of itself, is not a recognized "disability" for purposes of Title II of the ADA.[10]

For these reasons, the Court finds that Plaintiff's Complaint must be dismissed.

## B.   Dismissal Without Prior Leave to Amend

Generally, before a district court dismisses a *pro se* civil rights complaint, the Court will first permit the plaintiff to amend his complaint. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).[11] However, such an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.

As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (citations omitted), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he

---

[10]     29 C.F.R. Pt. 1630, App. § 1630.2(h) (2009) ("Advanced age, in and of itself, is not an impairment [for purposes of the ADA]."); *Lee v. Se. Pa. Transp. Auth.,* 418 F. Supp.2d 675, 679 (E.D. Pa. 2005) ("Age alone, however, is not a disability for purposes of the ADA."); *N.A.A.C.P. v. Phila. Bd. of Elections*, 97-CV-7085, 1998 WL 321253, at *4 (E.D. Pa. June 16, 1998) ("Being over the age of 65 is not in and of itself an impairment [for purposes of the ADA] . . . ."); *Zatarain v. WDSU-Television, Inc.*, 881 F. Supp. 240, 242 n.1 (E.D. La. 1995) ("For the purposes of the ADA, 'advanced age' is not in and of itself an impairment . . . .").

[11]     The Court recognizes that Fed. R. Civ. P. 15(a)(1) affords a plaintiff the right to amend his complaint once as a matter of course before he has been served with a responsive pleading. Fed. R. Civ. P. 15(a)(1).

court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied.").[12]

        This rule applies even to *pro se* plaintiffs.  *See, e.g., Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355 at *1.  While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed),[13] it does not completely relieve a *pro se* plaintiff of the duty to comply with the

---

[12]        The Court notes that two Second Circuit cases exist reciting the standard as being that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The problem with these cases is that their "rule out any possibility, however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which was "retire[d]" by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007).  *See Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (relying on *Branum v. Clark*, 927 F.2d 698, 705 [2d Cir. 1991], which relied on *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]).  Thus, this standard does not appear to be an accurate recitation of the governing law.

[13]        *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

Federal Rules of Civil Procedure and Local Rules of Practice.[14]  Rather, as both the Supreme

Court and Second Circuit have repeatedly recognized, even *pro se* civil rights plaintiffs must

follow such procedural rules.[15]

Here, for the reasons discussed above in Part III.A. of this Decision and Order, the Court

finds that the deficiencies with Plaintiff's claims against Defendant are substantive in nature, not

merely formal.  *See Nicolae*, 2005 WL 1311730, at *2 ("Whereas, ordinarily, the Court would

allow a plaintiff an opportunity to amend his Complaint . . . , it need not afford that opportunity

here where it is clear that the Court lacks jurisdiction.").

The Court notes that, even if Plaintiff were to amend his Complaint so as to name as

Defendants the two VESID employees described above in Part I.A. of this Decision and Order,

those claims would also be barred by the Eleventh Amendment because they clearly would be

claims against those two employees in his or her official capacities, based on the factual

allegations of Plaintiff's Complaint.

––––––––––––––––––––

[14]    *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed. R. Civ. P. 8); *accord*, *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

[15]    *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted], *accord*, *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Fed. R. Civ. P. 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

Finally, the Court notes that it granted Plaintiff a two-week extension of the deadline by which to file an Amended Complaint under the Federal Rules of Civil Procedure and Local Rules of Practice for this Court.[16]  (Text Order filed Nov. 3, 2009.)  However, Plaintiff inexplicably neglected to file such an Amended Complaint.  (*Id.*)

For each of these alternative reasons, the Court finds that it would be futile to provide Plaintiff with a further opportunity to amend his claims before dismissal; and the Court dismisses Plaintiff's Complaint without doing so.

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 15) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**; and it is further

**ORDERED** that Plaintiff's #[22] Letter motion requesting that mediation be resumed is hereby **<u>DENIED</u>** as moot.

Dated:  December 21, 2009
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[16]    Specifically, the Court extended this deadline from October 30, 2009, to November 13, 2009.  (*See* Dkt. No. 10 at 2; Text Order filed Nov. 3, 2009.)

12